UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL BURLISON,<br><br>              Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>              Defendant. | CASE NO.   C04-5006RBL<br><br>REPORT AND RECOMMENDATION<br><br>Noted for March 11, 2005 |

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been fully briefed and is ready for the Court's review. The undersigned submits the following report and recommends that the Court affirm the Administration's final decision.

PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff was 42 years old, a younger individual, on the date of the ALJ's decision (Tr. 22, 51). She has a high school education and has past relevant work experience as a restaurant worker, cook, and cashier (Tr. 60, 65). Plaintiff filed her application for SSI disability benefits on April 5, 1999 (Tr. 51-54). Plaintiff alleged an inability to work beginning sometime in 1991 due to back pain, and joint pain in her knees, wrists, and fingers (Tr. 59). Her application was denied initially and upon reconsideration (Tr. 34-41). Plaintiff filed a timely request for hearing (Tr. 44) and a hearing was held before Administrative

Law Judge (ALJ) Marguerite Schellentrager on March 28, 2001 (Tr. 316-340). On June 02, 2001, ALJ Schellentrager issued an unfavorable decision denying Plaintiff's claim (Tr. 18-31).

The ALJ followed the prescribed five-step evaluation process in her decision. The ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity at any time since her alleged onset date (Tr. 22). At step two, the ALJ found that Plaintiff had one or more medically determinable severe impairments, including back, knee, and joint pain, with no evidence of severe degenerative or arthritic disease; a personality disorder; mild anxiety with panic attacks; depression; obesity; and a history of alcohol abuse (Tr. 22).

At step three, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or equaled any of the Listings (Tr. 22). The ALJ concluded Plaintiff retained the capacity to perform the exertional demands of light work or work which requires maximum lifting of twenty pounds and frequent lifting of ten pounds (Tr. 28). The ALJ noted that some light jobs are performed while standing, and those performed in the seated position often require the worker to operate hand or leg controls (Tr. 28). The ALJ further noted that Plaintiff's ability to perform light work was diminished as a result of her psychological impairments which preclude work requiring public contact and limit her to the performance of simple, repetitive work (Tr. 28).

At step four, the ALJ found Plaintiff could not perform her past relevant work (Tr. 28). At step five, based on Plaintiff's residual functional capacity, age, educational background, work experience, and vocational expert testimony, the ALJ determined Plaintiff could perform work that exists in significant numbers in the national economy (Tr. 28-29). The ALJ relied on testimony from the vocational expert testimony that Plaintiff was capable of making the vocational adjustment to work as an electronic assembler (light and unskilled, with 450,000 nationally and 10,000 jobs locally); and agricultural sorter (light and unskilled, with 61,000 jobs nationally and 7,000 locally) (Tr. 29).

Plaintiff timely appealed this decision to the Appeals Council (Tr. 12-17) and the Appeals Council found no basis for review of the ALJ's decision and declined Plaintiff's timely appeal, making the ALJ's decision the final Agency decision (Tr. 5-6). 20 C.F.R. § 416.1481.

Plaintiff filed the instant matter on January 9, 2004. Plaintiff has presented additional new evidence to the court and raises the following issues for the Court's review:

(1). The ALJ failed to develop the record;

(2). The new evidence verifies the severity of plaintiff's mental and physical limitations and restrictions; and

(3). The ALJ failed to properly consider the medical evidence when she determined plaintiff's "residual functional capacity" and the non-exertional limitations.

The additional new evidence presented to the court, but not to the Administration, consists eleven separate documents, prepared mostly by Dr. Kaeley, of Pacific Sports Medicine, and Dr. Van Buskirk. The new evidence is dated September 13, 2001 through April 24, 2002.

## DISCUSSION

The Court must uphold the Secretary's decision if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir. 1992); Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

A. *"NEW EVIDENCE" DOES NOT WARRANT REMAND OR REOPENING THE ADMINISTRATIVE RECORD AND THE ALJ PROPERLY DEVELOPED THE RECORD*

Under the Social Security Act, the court may order the administration to consider additional evidence, "but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Thus, the plaintiff must show that the proffered new medical evidence is: "(1) new and not merely cumulative of what is already in the record, and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. The concept of materiality requires in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide the claimant's application differently. Finally, claimant must show (3) good cause for [his] failure to present the evidence earlier." Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir.1988) (internal citations omitted); see Sanchez v. Secretary of Health and Human Serv., 812 F.2d 509, 511 (9th

1  Cir.1987) and <u>Booz v. Secretary of Health & Human Services</u>, 734 F.2d 1378, 1380 (9th Cir. 1984).

2  As noted above the new evidence or material submitted is dated after September 2001.  The ALJ's
3  decision in this matter is dated June 2001.   The content matter of Plaintiff's proposed exhibits, with the
4  exception of three pages, contain medical reports that post-date the period under review in the ALJ's
5  decision of June 2, 2001.   The court notes plaintiff's argument that the material has been presented to the
6  Social Security Administration in relation to a new application filed by plaintiff on or about March 18,
7  2002.

8  After reviewing the record, the court finds the newly submitted evidence should not be considered.
9  The information is not material to the ALJ's June 2001 decision.   The record must close at some time.   In
10 addition, some of  the material appears to be cumulative of the information addressed by the ALJ.

11 Related to the issue new and material evidence, is plaintiff's argument that the ALJ failed to
12 properly develop the record.  Critical to the fair and effective operation of the system for distributing social
13 security benefits based on disability is the gathering and presentation of medical evidence.  <u>Reed v.</u>
14 <u>Massanari</u>, 270 F.3d 838 (9th Cir. 2001).  The ALJ has a duty to assist in developing the record.
15 <u>Armstrong v. Commissioner of Soc. Sec. Admin.</u>, 160 F.3d 587, 589 (9th Cir. 1998).

16 Here, the ALJ properly developed the record.   Plaintiff argues the ALJ failed to question her in
17 depth about her physical and mental problems at the administrative hearing.   The ALJ's decision
18 summarizes the medical evidence, in detail, with respect to her medical condition.   At the hearing, the ALJ
19 heard Plaintiff describe her past work experiences and the physical impact. (Tr. 322-23).  The ALJ
20 questioned at some length her about her social activities and living situation. (Tr. 324-30).   Following the
21 ALJ's questioning of Ms. Burlison, her attorney asked her several questions with regard to her physical
22 and mental impairments. (Tr. 330-35).   The medical evidence of record, along with plaintiff's testimony at
23 the hearing, provided the ALJ a well developed record to consider Plaintiff's application for social security
24 benefits.

25 B.  *THE ALJ PROPERLY DETERMINED PLAINTIFF'S RESIDUAL FUNCTIONAL CAPACITY*

26 If the ALJ cannot determine whether a claimant is disabled based on a claimant's current work
27 activity or on medical facts alone, and a claimant has a severe impairment(s), a review is made of the
28 claimant's residual functional capacity ("RFC") and the physical and mental demands of the work a

claimant did in the past. 20 C.F.R. § 404.1520(e). The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). " The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester v. Chater, 81 F.3d 821, 831 (9th Cir. 1996). In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion

In this case, the ALJ concluded that plaintiff was not able to perform her past relevant work as a restaurant worker, cook, or cashier. Accordingly, the ALJ's further evaluated plaintiff's residual functional capacity "RFC " and the possibility that she would be able to perform other work. The ALJ explained in her decision:

> The claimant has asserted that her medical condition is of such severity as to preclude the performance of all work activity, stating in the context of her disability reports and questionnaires, and at the oral hearing, that she is unable to sit of stand for any length of time. She indicated that she often needs to lie down and rest to alleviate pain in her back and joints, and that she is unable to bend over or lift any significant weight. The claimant states that she avoids stairs, and receives assistance form her daughter with grocery shopping, yard work, household chores, and personal care tasks. She advised that her pain has never been fully relieved even with physical therapy, hot showers, and the use of analgesic medications. From a psychological standpoint, the clamant indicated that she is unable to tolerate being near people or enclosed spaces, and often feels anxious. The claimant stated that she rarely leaves her home except to go to doctor's appointments or to the store.
>
> The claimant is not without restriction. However, I find her assertions of incapacity to be unsupported by the objective evidence of record, well-weighted medical opinion, or by the consistency of the claimant's own reported and demonstrated functional ability. Despite claims of incapacity which would not allow the claimant to perform work activity, the claimant admitted during her June 9, 1998 evaluation at Tacoma Family Medicine that she in fact had a "very hectic home life." When seen for psychological evaluation by Dr. Hoiness, the claimant was observed to be calmly sitting in the waiting room; she later waked to the examination room without difficulty. In addition, when compliant with prescribed treatment modalities including physical therapy and home exercise, the claimant

was noted to have experienced significant functional improvement (Exhibit 4F:1). This appears consistent with the generally benign objective findings noted on multiple physical examinations as outlined above.

(Tr. 25-26).

Substantial evidence in the record supports the ALJ's evaluation of plaintiff's RFC. The ALJ relied upon Dr. Green's opinion in reaching a determination of non-disability (Tr. 24, 26, 28). The ALJ specifically concluded that his determination of Plaintiff's residual functional capacity (RFC) was consistent with Dr. Green's assessment (Tr. 28). The ALJ noted Dr. Green's observation that Plaintiff may have difficulty performing consistent work activities based on her anxiety and compulsive disorder symptoms, and accordingly limited her RFC to preclude work requiring public contact and limited to no more than the performance of simple, repetitive work (Tr. 28). The ALJ's RFC determination is also consistent with the opinion of Dr. Hoiness. Dr. Hoiness' assessment of a GAF score of 60 indicates the highest score possible in a range with moderate limitations; indicating "[m]oderate symptoms (e.g., flat affect and circumstantial speech, occasional panic attacks) OR moderate difficulty in social, occupational, or school functioning (e.g., few friends, conflicts with peers or co-workers). These limitations are consistent with the ALJ's assessed RFC, and were presented in his hypothetical to the vocational expert (Tr. 33). Reviewing the entire record, the ALJ findings are based on substantial evidence from which logical inferences may be made.

## CONCLUSION

Based on the foregoing discussion, the Court should affirm the administrations decision to deny plaintiff's applications for social security benefits. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 11, 20054**, as noted in the caption.

DATED this 15th day of February, 2005.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge

REPORT AND RECOMMENDATION
Page - 6